# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 85 | **DATE** | 1/8/2003 |
| **CASE TITLE** | | Joan Weiss vs. Credit Suisse First Boston | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Weiss is granted until January 24, 2003 to file in this Court's chambers a statement as to whether she wishes this action to be transferred to the United States District Court for the Southern District of New York. This Court would honor such a choice, but failing a timely filing to that effect it will dismiss the action as not having been brought in a permissible venue.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 15 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/8/2003 | |
| SN | courtroom deputy's initials | | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOAN P. WEISS,                    )
                                  )
             Plaintiff,           )
                                  )
     v.                           )   No.  03 C 85
                                  )
CREDIT SUISSE FIRST BOSTON,       )
                                  )
             Defendant.           )

MEMORANDUM OPINION AND ORDER

Joan Weiss ("Weiss") has just submitted a self-prepared Complaint of Employment Discrimination[1] against her ex-employer Credit Suisse First Boston ("Credit Suisse"), charging it with violations of the Age Discrimination in Employment Act and the Americans with Disabilities Act. Because the lawsuit is obviously misplaced in this judicial district under the venue provisions of 28 U.S.C. §1391(b),[2] this Court sua sponte extends to Weiss the option between a dismissal of this action without prejudice and its transfer to the United States District Court for the Southern District of New York.

Before this opinion turns to that subject, however, a few words should be said about the timeliness of this action. Complaint ¶8(b) says that Weiss received her EEOC right-to-sue

---

[1] Weiss' Complaint is "self-prepared" in the sense that she has used the printed form supplied by the Clerk of this District Court for such purposes, filling in the blanks and checking the boxes in that form in her own handwriting.

[2] All further references to Title 28's provisions will simply take the form "Section--."

letter on October 3, 2002, which if true would make the January 6, 2003 filing of the Complaint (on the 95th day after October 3) untimely. But that allegation plainly appears to be mistaken, for the EEOC letter was itself dated October 3 and was mailed from New York City to Weiss' home in Des Plaines, Illinois. If the normal caselaw presumption that allows three days for the mail delivery of such notifications were to apply (which in this instance would mean delivery to Weiss on Monday October 7), the 90th day thereafter would be Sunday January 5, 2003, so that the January 6 filing of this lawsuit would fall just within the statutory 90-day limitation.

To turn now to the venue question, Complaint ¶4 as well as the administrative charge of discrimination that Weiss attaches as an exhibit to the Complaint tell that she was employed by Credit Suisse in New York City (where she then lived, although she has moved to Illinois since her termination). Thus Illinois has no connection with the facts of this lawsuit, so that Section 1391(b)(2) is plainly not satisfied. And there is nothing to suggest that Credit Suisse "resides" in this judicial district even within the amenity-to-personal-jurisdiction provision of Section 1391(c),[3] so that Section 1391(b)(1) is not satisfied

---

[3] Even if it were to turn out that Credit Suisse were somehow subject to personal jurisdiction here in Illinois, there is no conceivable way in which this action could qualify for retention here under the standards of Section 1404(a).

2

either. Finally, the potential catchall provision of Section 1391(b)(3) is inapplicable by its terms. In sum, Weiss fails each of the three branches of the Section 1391(b) requirements that could permit venue to be lodged here.

If this Court were to dismiss this action on those lack-of-venue grounds, an attempted refiling by Weiss in New York would undoubtedly be met by a contention that the new action was untimely brought (even apart from her being forced to pay a second $150 filing fee). This Court of course has no desire to penalize Weiss' opportunity to pursue her case on the merits. Accordingly she is granted until January 24, 2003 to file in this Court's chambers a statement as to whether she wishes this action to be transferred to the United States District Court for the Southern District of New York. This Court would honor such a choice, but failing a timely filing to that effect it will dismiss the action as not having been brought in a permissible venue.

Milton I. Shadur
Senior United States District Judge

Date: January 8, 2003

3